Toro, Demandante y Apelado, *v.* Pizá Hermanos, S. en C., Demandada y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre desahucio.

No. 2516.—Resuelto en enero 16, 1922.

Arrendamiento sin Término Fijo—Desahucio por Vencimiento del Contrato—Tácita Reconducción.—En el presente caso de arrendamiento sin tiempo convenido y pagadero el canon por meses vencidos, el arrendador, en mayo 13, comunicó al arrendatario que daba por terminado el arrendamiento desde 30 de abril anterior, cuya mensualidad había sido pagada, y en mayo 16 lo demandó en desahucio. *Se resolvió:* primero, que el arrendador no está obligado al vencer el término de su contrato a conceder a su arrendatario un plazo para desocupar la finca; y segundo, que no existe tácita reconducción por el hecho de haber sido presentada la demanda de desahucio el 16 de mayo, y por tanto no es prematura, cuando desde el 13 de dicho mes el arrendador había hecho saber a su arrendatario que daba por terminado el contrato cuyo vencimiento tuvo lugar el 30 de abril anterior, evitando así la tácita reconducción.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. J. Martínez Dávila.*

Abogado de la apelante: *Sr. M. Travieso, Jr.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Fernando del Toro Saldaña dueño de una casa en esta ciudad la cedió en arrendamiento a la sociedad mercantil Pizá Hermanos, S. en C., sin tiempo de duración convenido y pagándose el canon del arrendamiento por mensualidades vencidas. El canon correspondiente al mes de abril de 1921 fué pagado; el 13 de mayo siguiente el dueño comunicó al arrendatario que daba por terminado el contrato de arrendamiento desde el 30 de abril anterior y el 16 de mayo lo demandó en desahucio para que desocupara la finca. La sentencia recaída en el pleito declara con lugar la demanda y condena a la demandada a desalojar y dejar a la libre disposición del demandante la casa en cuestión en el término de quince días, apercibido de que si no lo hiciera dentro del

término fijado se procedería a su lanzamiento, imponiendo las costas a la demandada.

En el recurso de apelación interpuesto por ésta contra esa sentencia no se discuten los hechos antes relatados pero se sostiene en primer término que la sentencia es errónea porque la demanda interpuesta en este caso es prematura por haber sido presentada sin que antes se requiriese al. arrendatario para que entregara la finca en una fecha determinada.

Por el contrato de arrendamiento de cosas una de las partes se obliga a dar a la otra el goce o uso de una cosa por tiempo determinado y por precio cierto, disponiendo el artículo 1484 del Código Civil para los arrendamientos de fincas urbanas que si no se hubiese fijado plazo al arrendamiento, se entiende hecho por años cuando se ha fijado un alquiler anual, por meses cuando es mensual, por días cuando es diario y que en todo caso cesa el arrendamiento, sin necesidad de requerimiento especial, cumplido el término. Por su parte establece el artículo 1469 del mismo código que si al terminar el contrato permanece el arrendatario disfrutando quince días de la cosa arrendada con aquiescencia del arrendador, se entiende que hay tácita reconducción por el tiempo que establecen los artículos 1480 y 1484, a menos que haya precedido requerimiento; y el artículo 1472 concede acción al arrendador para desahuciar judicialmente al arrendatario cuando hubiese expirado el término convencional o el que se haya fijado para la duración de los arrendamientos en los artículos 1480 y 1484. El primero de éstos se refiere a fincas rústicas y el segundo a las urbanas, y lo hemos mencionado antes.

De acuerdo con las anteriores citas legales el contrato de arrendamiento durará con obligaciones mutuas el tiempo que hayan convenido las partes, pero cuando no convienen en un tiempo determinado entonces si el canon de arrenda-

miento de fincas urbanas se paga por meses el contrato termina cada mes, a menos que exista tácita reconducción, o sea, la aquiescencia del dueño para que de acuerdo con la ley continúe el contrato por otro mes, deducida del hecho de dejar transcurrir los quince primeros días sin requerir al arrendatario para la cesación del contrato. Así pues, los que como arrendatarios quieran verse protegidos en el disfrute de la cosa ajena por un período mayor de un mes, cuando el canon de arrendamiento se paga por meses, deberán convenir en un plazo mayor, el que estimen conveniente a sus intereses, para que durante ese tiempo no puedan ser privados de dicho disfrute por vencimiento del término del contrato, pues el arrendamiento crea derechos y obligaciones recíprocas entre las partes contratantes, y así, cuando el arrendatario tiene derecho a gozar de la cosa por un período mayor de un mes surge el derecho en el dueño de que le responda del pago por todo ese tiempo, aunque no quiera el arrendatario disfrutar la finca.

Examinados los anteriores preceptos no podemos declarar que la demanda en este caso sea prematura pues el día 30 de abril venció legalmente el término del contrato entre las partes sin necesidad de requerimiento especial, según el artículo 1848, y nació el derecho del dueño a desahuciar judicialmente a su inquilino, lo que podía hacer interponiendo la demanda dentro de los primeros quince días del mes siguiente o haciendo saber a su arrendatario dentro de dicho término que daba por terminado el contrato, evitando así la tácita reconducción, y demandando judicialmente después la entrega de la finca, como se hizo en este caso. El 30 de abril, como todos los días últimos de cada mes, terminaba el contrato entre las partes por disposición de la ley y el arrendatario sabía que no tenía derecho a ocupar más tiempo la finca y que debía desalojarla si el dueño por tácita reconducción no le concedía otro plazo igual, por

lo que no era necesario que el dueño le fijara un plazo para desocuparla, como alega la parte apelante.

El segundo motivo de error se funda en que hubo tácita reconducción por todo el mes de mayo por haber sido presentada la demanda después de haber transcurrido los primeros quince días de dicho mes.

Como el día 13 de mayo hizo saber el dueño al arrendatario su voluntad de no continuar el arrendamiento la tácita reconducción no existió desde ese momento y quedó terminado el contrato desde el 30 de abril en que venció, sin que el hecho de haber sido presentada la demanda después del día 15 de mayo para que judicialmente se ordenara el desalojo de la finca en nada altere el derecho que tenía el dueño a recobrar su finca ni haga surgir en el arrendatario la tácita reconducción de un contrato que había terminado. No hay nada en la ley que sostenga la proposición del apelante.

Se sostiene por último que la sentencia es errónea porque sólo concede a la demandada un plazo de quince días para desalojar la casa, en vez de veinte días que la sección 16 de la Ley de Desahucio concede cuando está ocupada por un establecimiento mercantil.

Si bien la demandada es una sociedad mercantil no hay constancia alguna en los autos de que ella ocupe dicha casa con sus negocios por lo que no podemos declarar que existe el error alegado.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Hutchison.